■ TANYA WEBB, Appellant, v NEW YORK METHODIST HOSPITAL et al., Respondents. [825 NYS2d 645]—In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Kings County (Rosenberg, J.), dated June 30, 2005, as granted the defendants' motion to compel her to execute authorizations pursuant to the Health Insurance Portability and Accountability Act of 1996 which would allow the defendants to conduct post-note of issue ex parte interviews of Dr. Suresh K. Malhotra and Dr. Thomas Magnuson, and (2) an order of the same court dated September 21, 2005, as granted the defendants' motion for an order pursuant to CPLR 3126 striking the complaint unless within 15 days the plaintiff provided authorizations pursuant to the Health Insurance Portability and Accountability Act of 1996 allowing the defendants to conduct post-note of issue interviews of Dr. Suresh K. Malhotra and Dr. Thomas Magnuson.

Ordered that the orders are reversed insofar as appealed from, on the law, without costs or disbursements, and the motions are denied without prejudice to making a motion in the Supreme Court, Kings County, pursuant to 22 NYCRR 202.21 (d) for

permission to conduct additional pretrial discovery relating to the treatment of the plaintiff by Dr. Suresh K. Malhotra and Dr. Thomas Magnuson as limited by CPLR article 31.

For the reasons set forth in *Arons v Jutkowitz* (— AD3d —, 2006 NY Slip Op 09139 [2006] [decided herewith]), the Supreme Court erred in granting the defendants' motion to compel the plaintiff to execute authorizations pursuant to the Health Insurance Portability and Accountability Act of 1996 which would allow the defendants to conduct post-note of issue ex parte interviews of Dr. Suresh K. Malhotra and Dr. Thomas Magnuson.

In light of the above, this Court need not address the defendants' remaining contentions regarding the language of the authorizations and the requirement that they turn over certain materials and notes after the interviews.

Motion by the appellant on appeals from two orders of the Supreme Court, Kings County, dated June 30, 2005, and September 21, 2005, respectively, to strike portions of the respondents' brief. By decision and order on motion of this Court dated April 26, 2006, the motion was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.